Sanaz S. Bereliani, SBN 256465
**Bereliani Law Firm, P.C.**
11400 W. Olympic Blvd Suite 200
Los Angeles, CA 90064
(818)920-8352 Telephone
(888)876-0896 Facsimile
Sanaz@BerelianiLaw.com

Attorney for Melita Kwong

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

In re:

OSCAR TRUJILLO,

AND

DAISY TRUJILLO,

Debtors.

Case No: 2:14-bk-11106-NB

Chapter 13

**CREDITOR'S BRIEF IN SUPPORT OF THE POSITION THAT BALLOON PAYMENT DUE PRIOR TO COMPLETION OF PLAN IS INFEASIBLE; DECLARATION OF ATTORNEY SANAZ S. BERELIANI IN SUPPORT THEREOF**

CONFIRMATION HEARING:
Date:     May 29, 2014
Time:    9:00 AM
Location:    255 E. Temple Street,
Ctrm 1545
Los Angeles, CA 90012

Creditor Melita Kwong (from hereon "Creditor") by and through her attorney of record, Sanaz Sarah Bereliani, hereby submits this brief on the issue of feasibility of a plan when a balloon payment is due prior to completion of the Chapter 13 plan.

I.

STATEMENT OF FACTS

1. On or about March 24, 2006, Debtors Oscar and Daisy Trujillo (hereinafter "Debtors"), for valuable consideration, made, executed and delivered to Melita Kwong (hereinafter "Creditor") a Promissory Note in the principal sum of four hundred sixty one thousand and

-1-

five hundred dollars ($461,500.00)(the "Note"). Pursuant to the Note, Debtors are obligated to make monthly interest only payments, set at a fixed interest rate of seven percent (7%). Balloon payment of the principal is due on or about May 3, 2016.

2. Pre-petition, Debtors had not made any payments to Creditor since June 2013. On or about September 24, 2013, Creditor initiated the foreclosure proceeding by recording a Notice of Default and then recording a Notice of Sale on January 13, 2014 for this property to be foreclosed on February 5, 2014.

3. On or about January 21, 2014, Debtors filed a Chapter 13 bankruptcy petition. Debtors' Chapter 13 Plan provides for payments to the Trustee in the sum of $1,750.00 per month for sixty (60) months. Debtors did not provide for treatment of the Balloon Payment.

4. Debtors have proposed an extremely lean budget for a family of 8, 6 of those being young minors under the age of 12. The Schedule J budget that has been proposed is not reasonable and it is unlikely that Debtors would be able to maintain such a high plan payment, even without the increase, for a period of five years.

## II.

## DISCUSSION

### A. Proposed Chapter 13 Plan Must Be Feasible To Be Confirmed

11 U.S.C. 1325(a)(6) sets forth the standards for confirmation of a Chapter 13 Plan, which requires that the Court determine whether the Chapter 13 debtor will be able to make all payments under the plan and comply with all provisions. "To satisfy feasibility, a debtor's plan must have a reasonable likelihood of success, i.e. that it is likely that the debtor will have the necessary resources to make all payments as directed by the plan," In Re Brunson, 87 B.R. 304, 312 (Bankr.D.N.J. 1988). Furthermore, the debtor must be able to show by clear and definite evidence that there is a source for such funds which will allow the debtor to make all payments and meet all provisions of the plan. In re Crotty, 11 B.R. 507, 511 (Bankr.N.D.Tex. 1981).

Here, the Debtor's Chapter 13 Plan fails to address the issue of the upcoming balloon payment and only addresses the arrearages due on monthly interest payments.

1 | Debtors have not specified a Plan that accounts for the balloon payment. The Court should
2 | deny confirmation of this Plan that is not proposed with definitive occurrences. The Court in Re
3 | Hogue stated that a plan should not be confirmed where there are "serious doubts concerning the
4 | feasibility of a chapter 13 plan whose success depends entirely upon the occurrence of a contingency
5 | scheduled [or in this case simply proposed but not guaranteed] to occur some three to five years
6 | from the plan's inception." In re Hogue, 78 B.R. 867, 873 (Bankr. S.D. Ohio.1987).

7 | At the initial confirmation hearing, Debtor's attorney stated that Debtors *should* have equity
8 | in the future and that the Debtors *will attempt* to seek refinancing prior to the Balloon payment
9 | deadline. No evidence has been provided estimating market conditions in 2016 or whether it is
10 | projected that there will be equity in Debtors' property. Further, Debtors have provided no indicia of
11 | having a third party willing to provide the Balloon payment balance or refinance Debtors' loan.
12 | Instead, Debtors' attorney has stated through communications with Creditor's attorney that they do
13 | not have an investor willing to assist with the Balloon, but will seek financing. Simply based on this,
14 | Debtors fail to prove the feasibility of the Chapter 13 Plan.

### B. Feasibility is a Factual Determination

It is not sufficient for the Debtors to allege that the balloon payment will be paid at some point prior to the completion of the Chapter 13 Plan, the terms need to be stated with specificity. The Court in Fantasia stated that the inclusion of a balloon payment is not dispositive of a plan's feasibility. "Confirmation of such a plan is suspect, however, unless some proof is offered to show that the funds will be available at the time the balloon payment is due. In re Gregory, 143 B.R. 424, 426 (Bankr.E.D.Tex.1992). "To avoid abuse, Debtor must show by definite and credible evidence that they will have the financial ability to make the balloon payment," Crotty, 11 B.R. at 511. The Court in Fantasia goes further to list factors upon which confirmation of a plan with a balloon payment should be based on, specifically:

   *1) The equity in the property at the time of filing;*

   *2) The future earning capacity of the debtor;*

   *3) The future disposable income of the debtor*

4) *Whether the plan provides for the payment of interest to the secured creditor over the life of the plan*

5) *Whether the plan provides for payment of recurring charges against the property, including insurance, local property taxes and utility charges; and*

6) *Whether the plan provides for substantial payments to the secured creditor which will significantly reduce the debt and enhance the prospects for refinancing at the end of the plan.*

In Re Myrna Fantasia, 211 BR 420, 424 (1st Circ. BAP 1997).

Here, Debtors fail to meet the factors listed. Although there is minimal equity in the property after cost of sale, there is no evidence provided or representation made to believe there will be equity two years from now. Debtor is self employed and the sole income source for his growing family. Debtor provides no information regarding future earning capacity or growth of his business. Debtors portray an extremely lean budget for a family of 8, which includes 6 children under the age of 12. It is reasonably anticipated that there will be increased in unanticipated expenses. Further, Debtors' budget does not provide a cushion in case they lose their rental income.

Moreover, the proposed Chapter 13 plan fails to address the balloon payment coming due. It is already questionable whether Debtors are able to afford their proposed Chapter 13 plan. Debtors fail to show with specificity that they are able to provide lump sum payment of $461,500 two years into the plan, in addition to maintaining all the other provisions of the plan. It is highly suspect to conclude the Debtors ability to carry this plan through with such lack of evidence. In Fantasia, similarly, the proposed plan was not feasible because the projected income was insufficient to fund the plan. There, it was argued that it does not take into account potential shortfalls that can be caused by future vacancies in the commercial property. Although, the property here is not a commercial property, Debtors do rely on rental income received from their tenants living in the duplex to be able to afford this Plan.

//

//

## C. Confirmation of the Plan Without Specifying the Source and Ability to Repay the Balloon payment will leave the Creditor at a Detriment

Confirmation of this plan as it stands will prevent Creditor from taking actions to protect her interest in the secured property in hopes of the Debtors following through with their proposed plan and all of its provisions. As stated In Re Gavia, "The Bankruptcy Code gives a debtor an absolute right to dismiss or convert his Chapter 13 to a Chapter 7 case. What assurance do creditors get in exchange for the apparent detriment to them of receiving no payments incurring additional liability by the necessity of paying taxes and insurance of the hope that the [Debtor completes the proposed plan]," 24 B.R. 216, 218 (Bankr.E.D. Cal.1982). Therefore, to protect the Creditor's rights and to show this case to be feasible, it is important to provide proof of ability to pay as of the confirmation date.

It is premature to confirm a plan that provides empty promises as to future repayment, as it provides no protection for the Creditor. As stated perfectly In re Hogue, there are "a myriad of contingencies which could operate to preclude the proposed sale/refinance of Debtor's residences, particularly where the sale/refinancing is postponed for three to five years…." 78 B.R. at 874. This case is infeasible and confirming this case would be a true detriment to the Creditor. The Debtors have not provided any evidence that shows they can refinance this loan prior to the balloon payment deadline or pay off the loan balance through a private investor. Nor, have they provided any information for Creditor to believe that Debtors' lean budget will improve and Debtor will be able to afford this plan, with all of its provisions, even if their rental income were to disappear.

//
//
//
//
//

## III.

## CONCLUSION

For all of the reasons indicated above, the Creditor asserts that the Debtors have not proven this case to be feasible and therefore confirmation should be denied.

BERELIANI LAW FIRM, P.C.

Date: 5/22/14

SANAZ SARAH BERELIANI,
Attorney for Melita Kwong, Creditor

# DECLARATION OF ATTORNEY SANAZ S. BERELIANI

I, SANAZ S. BERELIANI, declare and state as follows:

1. That I am an attorney employed at Bereliani Law Firm, P.C., and as such I have personal knowledge of the following facts stated herein, and if called upon to testify thereto, I could and would do so competently and truthfully.

2. That I am licensed to practice in the Courts of the State of California and the United States Bankruptcy Courts for the Central District.

3. That on January 21, 2014, Debtors, Oscar and Daisy Trujillo, filed for Chapter 13 case, bearing case # 2:14-bk-11106-NB.

4. That on or about April 8th, 2014, I contacted Debtor's attorney, Rebecca Tomilowitz to set up a time to speak regarding this matter and see if we are able to resolve the issues before the continued hearing date.

5. That this meeting was agreed to be scheduled for May 1st. I was not successful in getting in touch with Ms. Tomilowitz on May 1st.

6. On or about May 5th, 2014, I did hear from Ms. Tomilowitz and was told that the Debtors do not have an investor willing to assist in the balloon payment, but that they are looking into refinancing options.

7. I have received no new updates or information to attempt to settle this matter.

I declare under penalty of perjury of the laws of the United States of America that the foregoing to be true and correct to the best of my knowledge, information and belief and that this Declaration was executed on May 21, 2014 at Los Angeles, California.

Sanaz S. Bereliani, Esq.

DECLARATION OF ATTORNEY SANAZ SARAH BERELIANI                                Page 1

| In re: | | CHAPTER: 13 |
|---|---|---|
| Melita Kwong v Trujillo | Debtor(s). | CASE NUMBER: 2:14-bk-11106-NB |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**11400 W. Olympic Blvd., Suite 200
Los Angeles, CA 90064**

A true and correct copy of the foregoing document entitled (*specify*): **Creditor's Brief in Support; Declaration of Attorney Sanaz S. Bereliani in Support Thereof** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **5/22/2014**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Kathy A Dockery (TR)         efiling@CH13LA.com
- Rebecca Tomilowitz           Rtomilowitz@aol.com
- United States Trustee (LA)   ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On **5/22/2014**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Neil W. Bason, US Bankruptcy Court, 255 E. Temple Ave, Suite 1552, Los Angeles, CA 90012
Oscar & Daily Trujillo, 141 San Pascual Ave, Unit 5, Los Angeles, CA 90042
Kathy A Dockery, CH 13 Trustee, 700 S. Flower Street, Ste 1950, Los Angeles, CA 90017

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 5/22/2014 | Sanaz Sarah Bereliani | /s/ |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                       9013-3.1.PROOF.SERVICE